**FILED**
NOV 24 2015

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN HOFER,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE NORTHEN INSURANCE COMPANY,<br><br>Defendant. | CIV. #15-4181<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

The Plaintiff, Steven Hofer, by and through his counsel of record, and for his causes of action against the Defendant, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a breach of contract and bad faith action brought by Plaintiff Steven Hofer ("Plaintiff") against Defendant Progressive Northern Insurance Company ("Progressive"). Plaintiff was severely and permanently injured in an automobile collision that occurred when he was struck by an uninsured, drunk driver. He seeks to be made whole pursuant to the benefits available to him as an insured under the policy with Progressive. He also seeks to hold Progressive accountable for its bad faith handling of his claim.

## PARTIES

1. Plaintiff Steven Hofer is a citizen of the State of South Dakota and resident of Sioux Falls, Minnehaha County.

2. Upon information and belief, Defendant Progressive Northern Insurance Company is a corporation duly organized and existing under the laws of Wisconsin, with its

principal place of business in Ohio, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. Progressive provided auto coverage to Hofer Transport LLC pursuant to an insurance policy issued as Policy Number 08473611-1 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective, and in force during the relevant dates in this matter.

6. The Plaintiff was an insured and rated driver under the Policy, which provided uninsured motorist coverage, medical payments coverage and other benefits to Hofer Transport LLC.

7. On January 19, 2013, while the Policy was in force, the Plaintiff was severely and permanently injured in an automobile collision while driving a vehicle owned by Hofer Transport LLC. *See* Exhibit B. To date, the Plaintiff has incurred medical bills in excess of $20,000.

8. The collision and the Plaintiff's resulting injuries and other damages were the fault of Joseph Fragoza. The collision between Fragoza and Hofer Transport vehicle was

solely and proximately caused by Fragoza's negligence. Fragoza was driving drunk when he crossed the center-line and collided with the Plaintiff head-on at fifty-five miles per hour.

9. Fragoza did not have any insurance and therefore qualifies as an uninsured motorist under Progressive's policy.

10. Plaintiff sought recovery of his medical bills, lost wages, and other benefits from Progressive for Plaintiff's damages, in accordance with the terms of the Policy.

11. Initially, Progressive paid Plaintiff limited insurance benefits under the Policy.

12. On September 8, 2014, however, Progressive unilaterally terminated Plaintiff's benefits and requested that Plaintiff submit to an adverse medical examination.

13. At the time that benefits were terminated, Progressive had no medical evidence to support the termination of the Plaintiff's benefits.

14. The Plaintiff's medical records, including an MRI, confirmed that the Plaintiff suffered a severe spine injury in the collision.

15. Progressive delayed approximately six (6) months in conducting the adverse medical examination and finally had the examination completed on March 11, 2015.

16. Progressive retained the services of Dr. Nolan Segal to conduct the adverse medical examination of the Plaintiff. Progressive knew or should have known that Dr. Segal has a long history of bias in favor of insurance companies such as Progressive.

17. Progressive continued to delay Plaintiff's claim in that Plaintiff did not receive a copy of Dr. Segal's report until April 21, 2015, more than a month after the adverse medical examination had been completed.

18. Dr. Nolan concluded that Plaintiff had suffered no injury whatsoever in the head-on collision that had occurred at a speed of 55 mph.

19. Despite Dr. Nolan's opinion, Progressive paid the Plaintiff's medical bills through April 21, 2015, but has refused to pay any medical bills incurred by Plaintiff after that date.

20. Plaintiff nonetheless made a claim for benefits under the Policy and requested that Progressive reconsider its position. In addition to the prior demand medical benefits, the Plaintiff submitted his demand for $1,000,000.00 on August 14, 2015, which was the full limits of the insurance benefits.

21. In support of his claim, Plaintiff submitted a statement from his treating physician explaining that his cervical spine injuries were caused by the collision and that a spine surgery is necessary to treat his injuries. He also submitted his medical bills, medical records, and estimated future medical costs.

22. Upon receiving the information provided by the Plaintiff, the Progressive did not interview any of the Plaintiff's medical providers.

23. Upon receiving the information provided by the Plaintiff, the Progressive did not seek to interview the Plaintiff regarding his injuries.

24. Progressive offered the Plaintiff $50,000 in full and final settlement of all of his claims to benefits, substantially less than the value of his claims.

## COUNT ONE
### (Breach of Contract)

25. Plaintiff hereby realleges paragraphs 1-24 and all previous paragraphs and incorporates them as though fully set forth herein.

4

26. By virtue of its Policy of insurance in effect on January 19, 2013, and Plaintiff's status as an insured under the Policy, Progressive is contractually obligated to pay Plaintiff insurance benefits as a result of the automobile collision caused by the tortfeasor that occurred while the Plaintiff was driving a vehicle owned by Hofer Transport LLC.

27. Progressive breached its duty to pay Plaintiff insurance benefits pursuant to the Policy.

28. Progressive's breach of its duties under the Policy has resulted in substantial damages to the Plaintiff.

29. Progressive's refusal to pay the full amount of said loss was vexatious and without reasonable cause and Plaintiff is entitled to attorney's fees pursuant to SDCL § 58-12-3.

## COUNT TWO
### (Bad Faith)

30. Plaintiff hereby realleges paragraphs 1-29 and all previous paragraphs and incorporates them as though fully set forth herein.

31. Because the Policy constituted a contract of insurance between Progressive and Hofer Transport LLC, there existed an implied covenant of good faith and fair dealing between them.

32. The Plaintiff suffered a loss within the policy period that was compensable under the terms of the policy, provided timely notice to Progressive of the occurrence giving rise to coverage, and demanded payment for the same.

33. Progressive knew that there was a lack of reasonable basis for denial of the claim, or else acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

34. In addition to the denial of benefits, Progressive committed bad faith against the Plaintiff in the following ways:

    a. Terminating Plaintiff's benefits without any reasonable basis upon which to do so;

    b. Delaying in processing and handling of Plaintiff's claim for benefits;

    c. Hiring physician to conduct an adverse medical examination of Plaintiff that Progressive knew or should have known was biased in favor of insurance companies;

    d. Making a low-ball settlement offer to its own insured; and

    e. Failing to pay over the sum it reasonably believed to be due and owing its insured under the policy.

35. Progressive denied Plaintiff's claim for coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

36. At the time that Progressive terminated Plaintiff's benefits, Plaintiff's right to continued benefits under the terms of the Policy was not fairly debatable.

37. At the time that Progressive made the low-ball settlement offer of $50,000 to Plaintiff, it was not fairly debatably that Plaintiff's claim was worth substantially more than $50,000.

38. . Progressive's refusal to provide coverage and honor the plain terms of its insurance contract caused substantial damages to the Plaintiff, including, but not limited to, attorney's fees, financial distress and emotional distress.

39. Progressive used unfair and deceptive acts and practices in dealing with the Plaintiff's claim for coverage through, among other things, its failure to acknowledge and act on his claim, its failure to adhere to reasonable standards regarding the handling of claims, its failure to reasonably investigate the claim, its failure to promptly provide a reasonable explanation of the basis of the denial, and its failure to promptly settle Plaintiff's claim when liability was clear.

40. Progressive's refusal to provide coverage and to honor the plain terms of its insurance contract was willful, wanton and with reckless disregard, entitling the Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

(1) For Plaintiff's compensatory, general and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For attorney's fees pursuant to SDCL 58-12-3;

(3) For Plaintiff's costs and disbursements herein;

(4) For pre-judgment and post-judgment interest;

(5) For punitive damages; and

(6) For such other and further relief as the Court determines to be just and proper.

Dated this 24th day of November, 2015.

        **JOHNSON, JANKLOW, ABDALLAH,
BOLLWEG & PARSONS, L.L.P.**

BY _____
Scott A. Abdallah   (sabdallah@janklowabdallah.com)
Shannon R. Falon   (shannon@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

**CADWELL, SANFORD,
DEIBERT & GARRY, L.L.P.**
Brett A. Lovrien (blovrien@cadlaw.com)
P.O. Box 2498
Sioux Falls, SD 57101
(605) 336-0828

*Attorneys for the Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Scott A. Abdallah
Shannon R. Falon