UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN HOFER, | CIV. #15-4181 |
| Plaintiff, | |
| vs. | **JOINT MOTION FOR PROTECTIVE ORDER** |
| UNITED FINANCIAL CASUALTY COMPANY, | |
| Defendant. | |

This Joint Motion for Protective Order ("Protective Order"), is herein agreed upon by the

respective parties via their counsel of record and shall govern the use and treatment of

information, documents, testimony, or other tangible things produced in this action by either

party for documents so designated as "Confidential" by that party.

1.      Any material designated Confidential may only be copied, disclosed, discussed, or
inspected, in whole or in part, for the purposes of this litigation and only by the following
persons:

(a)     the parties in this lawsuit, or their employees involved in the management of this
litigation;

(b)     counsel of record who represent the parties in this litigation, in-house counsel and the
personnel who are directly employed or contracted by those attorney" firms and who
are assisting the attorneys working on this action;

(c)     any person who is expected to testify as a witness either at a deposition or court
proceeding in this action for the purpose of assisting in his/her preparation therefore,
and any other person to whom the dissemination of the document is deemed necessary
by any party in preparation for trial;

(d)     expert witnesses or consultants, including trial or jury consultants, retained by the
parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an
affiliated company of a party);

(e)     the Court and its officers, including stenographic reporters engaged in such
proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and

(f)     any mediator or arbitrator selected with the consent of all parties or by the Court.

2.     Confidential Information shall not be disclosed to any of the persons referred to in paragraph 1(c) and (d) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by this Stipulation for Protective Order. All parties shall retain any such written agreements and make them available to counsel for the opposing party upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

3.     A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal. The parties shall take such steps as are reasonably necessary to ensure that the papers or relevant portions, as the Court may order, shall be filed in sealed envelopes or other appropriate sealed enclosures on which shall be endorsed the title to the action, the words "Confidential."

4.     This Order does not waive any parties' right to further object to the introduction of designated Confidential Information subject to the rules of evidence at any future hearing or trial.

5.     The terms of this Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court.

6.     Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive or educational purpose; such information shall not be disclosed or disseminated to any person, organization, business, governmental body or administrative agency unless ordered by the Court.

7.     Upon termination of this action, unless otherwise ordered by the Court, the Plaintiff shall within sixty (60) days return to Defendant all materials marked "Confidential" as well as all summaries, excerpts, or copies of such materials.

8.     If either party receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, that party shall refuse to produce any Confidential Information under the authority of this Protective Order and shall immediately give written notice to counsel for the opposing party, identifying the Confidential Information sought and enclosing a copy of the subpoena.

9      The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

10.    This Protective Order will be governed and construed in accordance with the laws of the State of South Dakota.

2

Dated this 21st day of July, 2016.

JOHNSON, JANKLOW, ABDALLAH, ~~BOLLWEG~~ Reiter &
PARSONS, L.L.P.

By: _Shannon R Fallon_
      Scott A. Abdallah
      Shannon R. Fallon
      Attorneys for Plaintiff
      P.O. Box 2348
      Sioux Falls, SD 57101-2348
      (605) 338-4304
      sabdallah@janklowabdallah.com
      shannon@janklowabdallah.com

Dated this 25th day of July, 2016.

MAY & JOHNSON, P.C.

By: _____
      Mark J. Arndt
      P. O. Box 88738
      Sioux Falls, South Dakota 57109-8738
      (605) 336-2565
      Attorneys for Defendant
      marndt@mayjohnson.com

## PROTECTIVE ORDER

Pursuant to the above Joint Motion for Protective Order, this Court hereby ORDERS that documents produced by either party in this litigation are to be protected pursuant to the above Stipulation.

Dated this ____ day of _____, 2016.

BY THE COURT:

_____
Honorable Karen E. Schreier
United States District Court Judge

3