UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEVEN HOFER,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNITED FINANCIAL CASUALTY COMPANY,<br>d/b/a Progressive Northern Insurance Company,<br><br>  Defendant. | 4:15-CV-04181-KES<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES |

Plaintiff, Steven Hofer, brings suit for breach of contract and bad faith against defendant, United Financial Casualty Company. During the discovery period, Hofer filed a motion to compel. The court ruled on the motion during a teleconference hearing, and the court allowed both parties to submit briefs in support of their motions for attorney fees. Pending before the court are cross motions for attorney fees under Federal Rule of Civil Procedure 37(A)(5). The court denies both motions.

**BACKGROUND**

This action stems from a car collision between Hofer and Joseph Fragoza. *See* Docket 7 at 2. The night of the collision, Fragoza was driving drunk when he crossed the center-line and collided with Hofer. *Id.* at 3. At the time, Hofer had insurance coverage through a policy between United and Hofer

Transport LLC. *Id.* at 2. Because Fragoza was an uninsured driver, Hofer sought to recover the cost of medical bills, lost wages, and other benefits under the policy's uninsured motorist provision. *Id.* at 2-3. Initially, United provided Hofer with insurance benefits under the policy, but United then terminated Hofer's benefits. *Id.* at 3. United also required Hofer to undergo an adverse medical examination. *Id.* at 3. United used the services of Exam Works, a third party vendor, to schedule the examination, and Exam Works suggested three physicians who could meet with Hofer: Dr. Cederberg, Dr. Nipper, and Dr. Segal. Docket 16 at 3-4. Ultimately, Dr. Segal conducted the examination. *Id.*

During the discovery period for this litigation, the parties could not come to an agreement on the disclosure of the following information: (1) Dr. Segal's past work for United and its sister companies; (2) the personnel files of United employees who handled Hofer's claim; and (3) prior reports from Exam Works doctors in the possession of United or its sister companies. Docket 32 at 1. Because the parties' conduct during discovery is relevant to whether the parties' motions for attorney fees should be granted, a summary of the parties' relevant conduct during discovery follows.

I.   **Dr. Segal's prior medical opinions for United and Progressive**

Hofer sent his first set of interrogatories and requests for production to United on January 19, 2016. Docket 15-2 at 10. In interrogatory 19, Hofer asked for information related to Dr. Segal's prior medical examinations for United. *Id.* at 6. In response, United objected and limited its disclosure to the

2

past five years. Docket 15-3 at 11-12. United explained that Dr. Segal had given two medical opinions for United in the past five years: one for Hofer and one for another insured in March 2011. *Id.* United said it was attempting to obtain a copy of Dr. Segal's prior report so the report could be disclosed to Hofer. *Id.*

In response to United's disclosures, Hofer's attorney, Scott Abdallah, sent a letter to United's attorney, Mark Arndt. Docket 15-4. In the letter, Abdallah stated that United's objection was invalid and cited to *Gowan v. Mid Century Ins. Co.,* 209 F.R.D. 503 (D.S.D. 2015). *Id.* at 6-7. Abdallah also clarified that he was requesting Dr. Segal's prior work for United and United's sister company, Progressive. *Id.* at 7. Arndt responded by letter stating that United already had disclosed Dr. Segal's work for it during the past five years and that United would supplement its response to encompass a ten year time period. Docket 15-5 at 6. Attached to Arndt's letter was Dr. Segal's only other report that fit the 10-year time frame. *Id.* United also stated that it was a separate entity from Progressive. *Id.*

Abdallah, in response to Arndt's letter, explained that The Progressive Corporation owned both United and Progressive Northern Insurance Company and that some of the employees who handled Hofer's claim worked for both United and Progressive Northern. Docket 15-6 at 3. Because both companies shared employees, Abdallah argued that Hofer was entitled to information from both companies' prior employment of Dr. Segal. *Id.* Arndt responded that United and Progressive were separate entities and that United provided Hofer

3

with detailed information about Dr. Segal's work for United over the last ten years. Docket 15-7 at 2. Abdallah and Arndt continued to disagree over the production of Dr. Segal's prior work for United and Progressive. Docket 15-8 at 1-2; Docket 15-11 at 1-2. Abdallah argued that because some employees worked for both United and Progressive, the employees could have learned about Dr. Segal's potential bias against insureds at Progressive and used that knowledge while working for United. Docket 15-8 at 1-2. Arndt responded that Abdallah's theory was factually untenable because Dr. Segal was chosen based on Exam Works' available doctors and Hofer's availability for the examination. Docket 15-11 at 1-2. The parties eventually acknowledged that they could not come to a resolution of the issue without court intervention. Docket 15-12 at 1; Docket 15-13 at 1. At the motion hearing, this court ruled that Hofer was entitled to all of Dr. Segal's prior medical examinations for United and to information from the last ten years for Dr. Segal's work for Progressive. Docket 26 at 1-2.

## II.   United's employee personnel files

Also in his first set of interrogatories and requests for production, Hofer asked United to produce the employee files for anyone who reviewed his insurance claim. Docket 15-2 at 8. United objected and argued that the request was not proportional under Rule 26 and that disclosure of complete personnel files would unnecessarily require the release of private employee information. Docket 15-3 at 15. Abdallah then sent a letter to Arndt and explained that the information was discoverable under this district's precedent. Docket 15-4 at

10. In response, Arndt requested that Hofer sign a protective order and suggested that Hofer's attorneys review the employee files at Arndt's office. Docket 15-5 at 1, 7. Arndt offered to make copies of any records Hofer's attorneys thought relevant. *Id.* Abdallah objected to Arndt's proposal and explained that flagging any information in employee files would reveal attorney work product. Docket 15-6. United then made another proposal. Docket 15-7 at 3-4. Because United objected to producing personal employee information including health insurance information, beneficiaries of life insurance policies, and tax withholdings, United requested that Hofer's attorneys review employee files at Arndt's office or that Hofer limit discovery of employee files to the employee's evaluations and disciplinary records. *Id.* Abdallah then sent a letter in response stating Hofer would not seek information on health insurance, benefits of employees' families, or beneficiaries of life insurance policies. Docket 15-8 at 3. Abdallah agreed to sign a joint motion for protective order but argued that he needed to access the remainder of the employee personnel files. *Id.* Arndt replied by offering the same options discussed in his prior letter. Docket 15-11 at 3-4.

Abdallah, on April 29, 2016, confirmed that the parties were at an impasse on the issue. Docket 15-12 at 1-2. A few days later, Arndt emailed Abdallah and Shannon Falon about producing the employee performance evaluations and letting Hofer's attorneys review employee files at Arndt's office. Docket 15-14. Abdallah again declined. At the motion hearing, this court ruled

that United must produce redacted personnel files for eight employees, but the court limited the scope of disclosure to the last ten years. Docket 26 at 2.

### III. Prior medical examinations by Exam Works doctors

In his second set of interrogatories and requests for production, Hofer sought information related to United and Progressive's prior use of Exam Works. Docket 15-9 at 3. United objected to the interrogatory on proportionality grounds and argued that only Dr. Segal's conduct was relevant because Dr. Segal was the only doctor who examined Hofer. *Id.* at 3-4. The parties could not come to a resolution of the issue without court intervention. Docket 15-12 at 1; Docket 15-13 at 1. At the motion hearing, this court ruled that Hofer was entitled to information about prior medical examinations that had been conducted by Dr. Cederberg and Dr. Nipper for United or Progressive within the last ten years. Docket 26 at 2.

### LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "a party may move for an order compelling disclosure or discovery" if the party has acted in good faith to resolve the dispute before seeking court action. Fed. R. Civ. P. 37(a)(1). And "[i]f the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In awarding Rule 37 expenses, "[t]he fault concept . . . remains central." 8B Charles Alan Wright et al., *Federal Practice and Procedure,* § 2284 (3d ed. 2016). Rule 37 allows for expenses as a sanction for improper conduct in discovery. *Id.* at § 2288. Sanctions are imposed "to

6

encourage extrajudicial discovery with a minimum of court intervention." *Id.* at § 2288. The court has broad discretion in imposing sanctions. *Id.* at § 2284. Because the motion here was granted in part and denied in part, sanctions are not mandatory. Fed. R. Civ. P. 37(a)(5)(C).

## DISCUSSION

Hofer argues United should have disclosed Dr. Segal's prior medical opinions for United and Progressive based on *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503 (D.S.D. 2015). Docket 32 at 3. Hofer argues that *Gowan* is "directly on point" and that because Hofer provided United with the case, United's positions during discovery were unreasonable. *Id.* at 3-4. In *Gowan,* plaintiffs requested prior medical examinations that had been conducted by the doctor who examined plaintiff. *Gowan*, 309 F.R.D. at 516. The plaintiff in *Gowan*, however, limited his request to a twelve year time period. *Id.* Hofer's request had no time limitation. In response to the request, United disclosed Dr. Segal's prior work for United for a ten year time period. Unlike the doctor in *Gowan,* who had conducted eleven examinations for the defendant, Dr. Segal had completed only two medial reviews for United. *Id.* This distinction, arguably, would explain why United suggested limiting the time period to ten years instead of twelve. Another distinction is that the doctor in *Gowan* was hired directly by the insurer. *Id.* at 506. Here, Dr. Segal was chosen to conduct Hofer's examination based on Exam Works' available doctors and Hofer's schedule. *Gowan* also does not address disclosure of prior medical opinions for

7

sister companies. These distinctions serve as an arguable basis for United's positions during discovery.

Hofer also argues that it is well established in this district that personnel files in insurance bad faith cases are relevant and discoverable. Docket 32 at 5. Hofer cites to a number of cases for that proposition. *Id.* The discovery dispute in this case, however, was not whether the personnel files were relevant. The issue was how the information should be disclosed and the scope of disclosure. United attempted to reach a compromise on these issues. United continued to suggest alternative means for completing discovery.

United also had valid concerns regarding the confidentiality of private employee information. Here, evidence supports United's argument that Hofer failed to return the joint motion for a protective order until after the hearing on the motion to compel, even though the proposed joint motion was given to Hofer in March 2016. Docket 15-5; *see* Docket 24. The protective order was necessary for the disclosure of employee files.

The court finds that both parties acted in good faith during the discovery process. The exhibits submitted by both parties show an ongoing discussion between Abdallah and Arndt to resolve discovery disputes. Both parties sent multiple correspondences trying to reach a compromise without this court's intervention. Both parties voiced valid, reasonable concerns about the discovery process, and to a large extent, the parties were able to resolve most discovery issues on their own. Because this court finds that both parties acted reasonably, no sanctions will be imposed.

**CONCLUSION**

This court has broad discretion in imposing sanctions under Rule 37. Because the parties acted reasonably, the court will not impose sanctions on either party.

IT IS ORDERED THAT

1. United Financial Casualty Company's motion for attorney fees and Rule 37(A)(5) expenses (Docket 28) is denied; and

2. Steven Hofer's motion for attorney fees (Docket 31) is denied.

DATED this 8th day of February, 2017.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE