UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN HOFER,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED FINANCIAL CASUALTY COMPANY,<br><br>        Defendant. | CIV. #15-4181<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR CLARIFICATION** |

United Financial Casualty Company ("United") submits this Brief in Support of Defendant's Motion for Clarification regarding the Court's July 26, 2016 Order (Doc. 26.) (hereinafter "Order") partially granting and partially denying Plaintiff's Motion to Compel.

## FACTS

The subject matter of this Motion relates to Defendant's obligations to produce Independent Medical Exam (IME) reports of three Drs. – Nolan Segal, Paul Ceberberg, and Jeffrey Nipper – all of whom have provided IME services to ExamWorks, and all of whom have provided services to Defendant via ExamWorks in the past.[1]  The extent of Defendant's obligations to produce those reports as discovery in this litigation, including restrictions on the <u>number</u> of Drs., the <u>scope</u> of the Defendant's insurance company affiliates, and the length of <u>time</u> in which the Defendant was required to produce these reports, were all topics that were addressed in the Court's Order (Doc. 26.) following Plaintiff's Motion to Compel.  The Court's

---

[1] Dr. Nolan Segal is the only Dr. to perform any service in this case.  Via ExamWorks, Drs. Cederberg and Nipper were provided as options for the IME in an effort to accommodate Plaintiff's schedule.  Drs. Cederberg's and Nipper's names appear in the claims notes, but they did not provide services in this case.

Order did not address the geographic scope, which Plaintiff now claims to be all 50 states, for every Progressive affiliate, for a 10-year period of time. Nor did Plaintiff raise the issue of the geographic scope of his request via his discovery request or during the Motion to Compel hearing.

Plaintiff brought this litigation in South Dakota. Plaintiff's claims are grounded in a South Dakota insurance policy. Plaintiff resides in South Dakota. Given those basic parameters, and given that multiple Progressive affiliates write insurance in South Dakota, Defendant interpreted Plaintiff's request, and the Court's Order, to be limited to IME reports stemming from South Dakota claims/insurance policies.

Following the Court's Order (Doc. 26), which partially granted and partially denied Plaintiff's Motion to Compel, and after obtaining the IME reports required by the Order, on September 15, 2016, Defendant served the following supplemental response to Plaintiff's prior discovery request for IMEs:

> **SUPPLEMENTAL ANSWER:** Defendant has identified twelve (12) claims in which Drs. Cederberg, Nipper or Segal provided in the last ten years an independent medical examination on behalf of United Financial Insurance Company, Progressive Northern Insurance Company or "Progressive" policies issued in South Dakota. Copies of reports produced in connection with those independent medical examinations are enclosed as UFCC 1-112 IME.
>
> The exception is an IME report by Dr. Cederberg for claim #11-1456725, date of loss of 12/17/2011. United has not been able to locate Dr. Cederberg's report from this claim. However, Progressive Northern Insurance Company's records reflect that an IME was conducted on 6/4/2012, and a corresponding report generated 6/27/2012. United will supplement this response with a copy of this IME report by Dr. Cederberg if the report is located.

(Emphasis added.) (Defendant's Supplemental Answers and Responses to Plaintiff's Interrogatories and Requests for Production of Documents to Defendant (Second Set), attached to Aff. of Defense Counsel Arndt, Ex. A).

Discovery continued. Garrett Brandenburger is Defendant's Corporate Legal Counsel who organized the efforts/procedure Defendant undertook to produce the IME reports. Brandenburger was recently deposed by Plaintiff's counsel. Based upon the questions asked by Plaintiff's counsel, the topic of the deposition appeared to focus on Defendant/Brandenburger's process. Following Brandenburger's deposition, upon review of his transcript, it became apparent to Brandenburger that Plaintiff's counsel's questions potentially failed to recognize the limitation of "…policies issued in South Dakota…" that was provided in Defendant's post-Order supplemental discovery responses. Therefore, on his own volition, Brandenburger sought to clarify the apparent confusion via an errata sheet to his deposition, which was served upon Plaintiff's counsel on February 22, 2017. (February 22, 2017 letter from Defense counsel to Plaintiff's counsel serving Brandenburger errata sheet (including errata sheet), Aff. Defense Counsel Arndt, Ex B.)

Following service of the February 22, 2017 letter and Brandenburger errata sheet, Plaintiff's counsel advised Defense counsel of its position that Defendant had not complied with the Court's prior Order. Plaintiff's counsel advised they would likely file a Motion for Contempt, which prompted Defendant to bring this Motion for Clarification.

Defendant respectfully requests an Order of Clarification stating the following:

1. Defendant has complied with the Court's Order by supplying all IME reports, from any Progressive affiliate for each of the three Drs. at issue (Segal – unlimited in time) (Cederberg and Nipper – from February 2006 forward), which reports stem from a South Dakota insurance policy. In the alternative;

2. Clarify the geographic scope of Defendant's obligations to produce IME reports,

3

for all Progressive affiliates, for each of the three Drs. at issue. [2] [3]

## ARGUMENT AND AUTHORITY

"[A] motion to clarify an order when a legitimate dispute arises is a proper motion." *Sprint Commc'ns Co., L.P. v. Native Am. Telecom, LLC*, No. CV 10-4110-KES, 2012 WL 12882880, at *1 (D.S.D. May 7, 2012) (citing *Marco, Inc. v. Advanced Sys., Inc.*, No. 11-4072-KES, 2011 WL 5858754, at *1 (D.S.D Nov. 22, 2011; *Glen v. Fairway Indep. Mortg. Corp.*, No. 4:08-CV-730-RWS, 2010 WL 891621, at *1 (E.D. Mo. Mar. 8, 2010); *Henry v. Premcor Refining Group*, No. 3:07-CV-00518, 2010 WL 129669, at *1 (E.D. Ark. Jan. 11, 2010)).

Plaintiff brought this lawsuit in South Dakota Federal District Court. Plaintiff's claims are based upon his South Dakota insurance policy, which was issued to Plaintiff by Defendant, United, in South Dakota. There are multiple Progressive affiliates that write insurance policies in South Dakota. At no time did Plaintiff indicate he was requesting 10 years of reports, from three separate Drs., for every Progressive affiliate, <u>in all 50 states</u>. Defendant's interpretation

---

[2] Despite Defendant's position that it has complied with the Court's Order in good faith, Defendant has offered to work out a compromise in an effort to avoid Court intervention. In that regard, Defendant has sought the assistance of ExamWorks, the third-party vendor that provided Dr. Segal and offered Drs. Cederberg and Nipper in an attempt to accommodate Plaintiff's schedule. (See letter from Defense Counsel to Plaintiff's Counsel dated March 2, 2017, attached to Aff. of Defense Counsel Arndt, Ex. C.) Plaintiff has refused and insists that Defendant must produce 10 years of reports, from all three Drs., for every Progressive affiliate. Defendant has advised Plaintiff that providing 10 years of reports, from all 50 states, covering every Progressive affiliate, is not possible. Neither ExamWorks nor Defendant has databases that can accommodate such a request. Defendant anticipates supplementing this Motion for Clarification with an Affidavit from ExamWorks' personnel, and Defendant's personnel, describing the limits of their respective databases and ability to retrieve such reports.

[3] ExamWorks has advised that providing even a single year of all IME reports, from all 50 states, covering every Progressive affiliate, would be very time consuming. That information has been shared with Plaintiff's counsel. Defendant anticipates supplementing this Motion with an Affidavit from ExamWorks' personnel describing the limits of its database, and the time and efforts it would take to retrieve such reports.

4

that the Court's Order was limited to South Dakota based claims is a reasonable interpretation of the Order.

What's more, Defendant's Supplemental Response specifically indicates that the eleven (11) reports produced were reports generated from South Dakota claims. Defendant was not attempting to conceal the geographic scope of its disclosure when it produced the IME reports post-Motion to Compel.

Further, a review of the 11 reports that Defendant produced identifies South Dakota defense counsel, or South Dakota claims handlers. Plaintiff cannot make a straight-faced argument that upon a review of the reports, Plaintiff believed the reports covered claims from a wide range of states. A review of those 11 reports does not reference any state other than South Dakota. Following service of those 11 reports, Plaintiff made no claim to Defendant's counsel that Defendant had not complied with the Court's Order requiring production of IME reports.

A review of the Order (Doc. 26) indicates the distinctions within the first three paragraphs to be the <u>scope of the insurance companies</u> (United vs. all Progressive affiliates), the <u>scope of the Drs.</u> (Segal vs. Segal, Cederberg and Nipper), and the <u>timeframe</u> in which Defendant was obligated to search for IME reports. The Order does not reference any <u>geographic</u> requirements. Nor was geography raised as a topic by the Plaintiff in their discovery requests, or during the Motion to Compel hearing.

### *Gowan v. Mid Century Ins. Co.*, and Proportionality

The most direct precedent from this jurisdiction regarding production of IME reports by an IME Dr. of other claimants is Judge Duffy's opinion in *Gowan v. Mid Century Ins. Co.,* 309 F.R.D. 503, 516 (D.S.D. 2015). Although it is not clear from Judge Duffy's opinion if the parties argued the issue of a geographic limitation, Judge Duffy's opinion focuses on IMEs of

Drs.' who work in South Dakota. In fact, it appears that all parties and the Court simply assumed that Plaintiff's discovery request, and Mid Century's production obligation, was limited to South Dakota.

> In addition, Mr. Gowan recites the fact that a Lexis search reveals Dr. Farnham is mentioned in seven worker's compensation cases <u>in South Dakota</u>, every time on behalf of the defense. Another Lexis search shows that Dr. Farnham has testified <u>in 37 South Dakota</u> worker's compensation cases, all but one of which was for the defense. Finally, Mr. Gowan asserts the <u>South Dakota</u> Department of Labor rejected Dr. Farnham's testimony in 2011, noting that "he has failed to pass his board certification test for occupational medicine on three occasions and remains uncertified in the field in which he holds himself out to the public and claims 30 years' experience."

*Id.*, at 516.

The South Dakota limitation that appears to have been assumed by all parties in *Gowan* is the same assumption Defendant has made in this litigation. Given that *Gowan* was cited and argued by both parties during the Motion to Compel, Defendant's interpretation of the Court's Order (Doc. 26) in this case is even more reasonable.

Earlier in the *Gowan* opinion, Judge Duffy cited Rule 26(b) – as it existed at the time (September 2015) – regarding the general discovery standard.

> Rule 26(b)(2) requires the court to limit discovery if it determines, for example, that the discovery sought is unreasonably cumulative or duplicative or that 'the burden or expense of the proposed discovery outweighs its likely benefit ...' *See* Fed.R.Civ.P. 26(b)(2)(C); *see also Roberts v. Shawnee Mission Ford, Inc.,* 352 F.3d 358, 361 (8th Cir.2003) ('The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit.'); *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton,* 136 F.R.D. 682, 684-85 (D.Kan.1991) ('All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden.').

*Id.* at 510. Since *Gowan*, Rule 26 has been amended to include language that discovery requests be "…proportional to the needs of the case…" I.e., since *Gowan,* the proportionality

language added to Rule 26 arguably creates a more restrictive interpretation of an ambiguous discovery request, not a broader interpretation.

ExamWorks has advised Defendant that it does not have the ability to retrieve all IME reports, from each of the three Drs. at issue, covering every Progressive affiliate, from all 50 states, for a period of 10 years. As stated above, ExamWorks has further advised Defendant that even limiting this request to a 1-year period of time would be very burdensome. Defendant anticipates supplementing this Motion with an Affidavit(s) from ExamWorks' personnel within the next few days.

Defendant's internal system also does not provide an ability to retrieve all IME reports, from each of the three Drs. at issue, covering every Progressive affiliate, from all 50 states, for a period of 10 years. In fact, given the limitations of its own system, it would be more difficult for Defendant to accomplish such a production of IME reports than it would be for ExamWorks. Again, Defendant anticipates supplementing this Motion with an Affidavit(s) from Defendant's personnel within the next few days that will support this position in further detail.

## CONCLUSION

Defendant respectfully requests an Order for Clarification stating the following:

1. Defendant has complied with the Court's Order by supplying all IME reports, from any Progressive affiliate, for each of the three Drs. at issue (Segal – unlimited in time) (Cederberg and Nipper – from February 2006 forward), based upon a South Dakota insurance policy. In the alternative;

2. Clarify the geographic scope of Defendant's obligations to provide IME reports, for all Progressive affiliates, from all 50 states, for each of the three Drs. at issue.

7

Dated this 6th day of March, 2017.

            MAY & JOHNSON, P.C.

            BY /s/ *Mark J. Arndt*
              Mark J. Arndt
            PO Box 88738
            Sioux Falls SD 57109-8738
            (605) 336-2565
            Fax: (605) 336-2604
            marndt@mayjohnson.com
            Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant's Brief in Support of Motion for Clarification** was served through the Court's ECF system upon Scott A. Abdallah of Johnson, Janklow, Abdallah, Reiter & Parsons, LLP, P.O. Box 2348, Sioux Falls, SD 57101-2348, scott@janklowabdallah.com, attorney for Plaintiff, this 6th day of March, 2017.

            /s/ *Mark J. Arndt*
            Mark J. Arndt