UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN HOFER,<br><br>       Plaintiff,<br><br>vs.<br><br>UNITED FINANCIAL CASUALTY COMPANY,<br><br>       Defendant. | CIV. #15-4181<br><br><br>**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** |

United Financial Casualty Company ("United") submits this Brief in Opposition to Plaintiff's Motion for Sanctions.

United respectfully requests that this Court consider Defendant's Motion (Doc. 51), Brief (Doc. 52), Affidavit of Defense Counsel (Doc. 53-1, 53-2, 53-3), Affidavit of Sharie Goldsmith (Doc. 57) and Affidavit of Linda Woodward (Doc. 58), in Support of Defendant's Motion for Clarification regarding the Court's July 26, 2016 Order (Doc. 26) (hereinafter "Order") partially granting and partially denying Plaintiff's Motion to Compel. United will not repeat its position verbatim as set forth in those pleadings. Rather, United will attempt to summarize its position in this Opposition Brief.

## **FACTS**

The subject matter of this Motion is United's obligations to produce Independent Medical Exam (IME) reports of three doctors – Nolan Segal, Paul Cederberg, and Jeffrey Nipper – all of whom have conducted IMEs on claims with United and various Progressive entities (via

ExamWorks) in the past.[1]

Progressive and its various entities, including United, are multi-line insurance providers that write many insurance policies in all 50 of the United States. (Affidavit of Defense Counsel in Opposition to Plaintiff's Motion for Discovery Sanctions.) In compliance with the Court's Order (Doc. 26), United produced 11 IME reports obtained on claims involving policies issued in South Dakota by United and any Progressive affiliate, which were generated by the three doctors at issue. United's discovery responses specifically noted that the IME reports being produced were from "…policies issued in South Dakota."

## AUTHORITY

"These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Federal Rule of Civil Procedure 37(b)(2) states:

> If a party or a party's officer, director, or managing agent ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

---

[1] Dr. Nolan Segal is the only doctor to perform any service in this case. Via ExamWorks, Drs. Cederberg and Nipper were provided as options for the IME in an effort to accommodate Hofer's schedule. Drs. Cederberg's and Nipper's names appear in the claims notes, but they did not conduct an IME of Mr. Hofer with respect to this claim.

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). To impose sanctions under Rule 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1019 (8th Cir.1999). Sanctions must be "'just' and relate to the claim at issue in the order to provide discovery." *Hairston v. Alert Safety Light Products, Inc.,* 307 F.3d 717, 719 (8th Cir.2002) (citation omitted).
>
> *Atmosphere Hosp. Mgmt., LLC v. Curtullo, No.* CIV. 13-5040-KES, 2015 WL 136127, at

*3–4 (D.S.D. Jan. 9, 2015).

## ARGUMENT

After the Court issued its Order (Doc. 26), United served supplemental responses to Plaintiff's prior discovery request for IMEs, specifically indicating that the 11 IMEs being produced were for "policies issued in South Dakota".

> **SUPPLEMENTAL ANSWER:** Defendant has identified twelve (12) claims in which Drs. Cederberg, Nipper or Segal provided in the last ten years an independent medical examination on behalf of United Financial Insurance Company, Progressive Northern Insurance Company or "Progressive" <u>policies issued in South Dakota</u>. Copies of reports produced in connection with those independent medical examinations are enclosed as UFCC 1-112 IME.
>
> The exception is an IME report by Dr. Cederberg for claim #11-1456725, date of loss of 12/17/2011. United has not been able to locate Dr. Cederberg's report from this claim. However, Progressive Northern Insurance Company's records reflect that an IME was conducted on 6/4/2012, and a corresponding report generated 6/27/2012. United will supplement this response with a copy of this IME report by Dr. Cederberg if the report is located.

(Emphasis added.) (Defendant's Supplemental Answers and Responses to Plaintiff's Interrogatories and Requests for Production of Documents to Defendant (Second Set), attached to Aff. of Defense Counsel Arndt, Ex. A (Doc. 53-1.)

3

After being deposed by Hofer's counsel, on his own volition, Progressive Corporate Counsel, Garrett Brandenburger, sought to clarify the apparent confusion discovered during the review of his transcript via an errata sheet to his deposition, which was served upon Hofer's counsel on February 22, 2017. (Doc. 53-2.)  Hofer's claim that United willfully violated the Court's Order is not logical, considering that Brandenburger and United raised this issue and now seek clarification of the Court's Order.

Hofer brought this lawsuit in South Dakota Federal District Court.  Hofer's claims are based upon his South Dakota insurance policy, which was issued to Hofer by United in South Dakota.  There are multiple Progressive affiliates that write insurance policies in South Dakota.  United reasonably assumed that it was these additional entities – Progressive entities other than United, who write policies in South Dakota – for which Hofer sought additional IME reports.  At no time did Hofer indicate he was requesting 10 years of reports, from these three doctors, for every Progressive affiliate, on any policy issued in any of the 50 states.  Although it is highly unlikely that these three doctors have written reports for a Progressive affiliate in all 50 states, it is the process of searching all 50 states – i.e., the lack of a reasonable geographic restriction – that makes Hofer's interpretation of his own discovery request and the Court's Order so unreasonable.  United did not (and should not be required to) make such an assumption when responding to Hofer's discovery request.

A review of the Order (Doc. 26) indicates the distinctions within the first three paragraphs to be the scope of the insurance companies (United, vs. all Progressive affiliates), the scope of the Drs. (Segal, vs. Segal, Cederberg and Nipper), and the timeframe in which Defendant was obligated to search for IME reports.  Neither Hofer's discovery requests, nor the Court's Order, reference any geographic requirements.  Hofer's Motion for Sanctions attempts to

4

reverse the burden by claiming Hofer self-restricted the discovery request. In reality, it is Hofer's lack of specification in his discovery request that has brought the parties to this point. As the requesting party, Hofer has the obligation to make his discovery request specific and clear. United made its response specific and clear in compliance with the Court's Order.

### *Gowan*

The most direct precedent from this jurisdiction regarding production of IME reports is *Gowan v. Mid Century Ins. Co.,* 309 F.R.D. 503, 516 (D.S.D. 2015). *Gowan* was cited by both Hofer and United during the briefing of Plaintiff's Motion to Compel. (Doc. 14, Doc. 16, and Doc. 21.) In *Gowan*, it appears that all parties and the Court simply assumed that Plaintiff's discovery request, and MidCentury's production obligation, was limited to South Dakota.

> In addition, Mr. Gowan recites the fact that a Lexis search reveals Dr. Farnham is mentioned in seven worker's compensation cases <u>in South Dakota</u>, every time on behalf of the defense. Another Lexis search shows that Dr. Farnham has testified <u>in 37 South Dakota</u> worker's compensation cases, all but one of which was for the defense. Finally, Mr. Gowan asserts the <u>South Dakota</u> Department of Labor rejected Dr. Farnham's testimony in 2011, noting that "he has failed to pass his board certification test for occupational medicine on three occasions and remains uncertified in the field in which he holds himself out to the public and claims 30 years' experience."

*Id.*, at 516, (emphasis added).

Hofer knows *Gowan*. He cited it in both of his briefs supporting his Motion to Compel. If Hofer wanted IME reports from a wider jurisdiction than South Dakota, he could have made that request. But, he did not. Setting *Gowan* next to the Rule 37 standard requiring a "willful violation" of a discovery order does not support a finding of sanctions against United. Further, given the proportionality language added to Rule 26 after *Gowan*, it is not logical that United should have inferred that the 2015 decision from this Court should be interpreted more broadly.

### Logistics of Retrieving Additional IME Reports and Attempts at Compromise

United's internal system is not capable of retrieving all IME reports from each of the three doctors at issue, covering every Progressive affiliate, on policies issued in any of the 50 states, for a period of 10 years. Pursuing such an endeavor would be like searching for a needle in a haystack without being certain that the needle is even in the haystack.

In an effort to resolve the parties' dispute over the Court's Order, United contacted ExamWorks to understand their ability to retrieve IME reports. ExamWorks advised United that it does not have the ability to conduct a search that would satisfy what Hofer now claims is his request – all IME reports, from each of the three doctors at issue, covering every Progressive affiliate, on any policy issued in any of the 50 states, for a period of 10 years. (See Affidavit of Sharie Goldsmith (Doc. 57)). ExamWorks further advised United that even limiting this request to a 1-year period of time would be very burdensome. Id. ExamWorks simply does not keep databases that would make this search as easy as Hofer assumes. Hofer's argument that this should be nothing more than clicking a few buttons is both wildly speculative and inaccurate.

As previously offered to Hofer's counsel, *if* the Court clarifies its Order to require production of additional IME reports, United will do anything within its powers to comply, including requesting that ExamWorks (a non-party) begin the process of obtaining any additional reports ordered to be produced by the Court. Per the Affidavit of Sharie Goldsmith (Doc. 57), and depending upon the parameters, that process will take some time.

### Requirements of a Rule 37 Sanction

"To impose sanctions under Rule 37, 'there must be an order compelling discovery, a <u>willful violation of that order</u>, <u>and</u> <u>prejudice</u> to the other party.' *Chrysler Corp. v. Carey,* 186 F.3d 1016, 1019 (8th Cir.1999). Sanctions must be 'just' and relate to the claim at issue in the

order to provide discovery. *Hairston v. Alert Safety Light Products, Inc.,* 307 F.3d 717, 719 (8th Cir.2002)." *Atmosphere Hosp. Mgmt., LLC v. Curtullo, No.* CIV. 13-5040-KES, 2015 WL 136127, at *3–4 (D.S.D. Jan. 9, 2015) (emphasis added).

### Willful Violation of the Court's Order

To impose Rule 37 sanctions, Hofer must demonstrate that United willfully violated the Court's Order (Doc. 26). The evidence does not support such a conclusion.

The timeline of the events leading to this Motion are as follows:

- Hofer served a discovery request that did not contain a geographic description;

- United responded, including production of two IME reports generated from South Dakota polices;

- Hofer moved to compel, and United opposed;

- The Court issued its Order (Doc. 26) granting in part and denying in part;

- United complied with the Order, including production of nine (9) more IME reports from various Progressive affiliates, and specifically advised in its Supplemental Answers that the reports were generated from South Dakota policies;

- Hofer did not request additional supplements;

- Many months later, Hofer deposed Progressive Corporate Counsel, Garrett Brandenburger, about the production of IME reports;

- When reviewing his deposition transcript for certification, Brandenburger raised the apparent discrepancy via an errata sheet, which was served upon Hofer;

- Hofer demanded that United expand the scope of their search to all 50 states, for all Progressive affiliates, for all three doctors, for a period of 10 years;

7

- United attempted to appease Hofer by contacting ExamWorks for help. ExamWorks advised that they did not have the ability to comply with Hofer's request;
- United advised Hofer that it was willing to ask ExamWorks to conduct a narrower search that would be within ExamWorks' system capabilities;
- Hofer refused the compromise offer and demanded the full 10-year time period, all 50 states, every Progressive affiliate, for all three doctors requested – even though United had just advised Hofer that compliance with such a request was impossible;
- United moved for clarification of the Court's Order;
- Hofer brought this Motion for Sanctions.

United is the party that brought the discrepancy to Hofer's attention. After trying to resolve the discrepancy via the only logistically possible option (United volunteering to request that ExamWorks retrieve hundreds of additional reports – which would take weeks to recover, redact, and produce (see Affidavit of Sharie Goldsmith (Doc. 57 )) and after Hofer refused that offer (presumably because Hofer wishes to create yet another formal discovery dispute), United proceeded to seek clarification from this Court regarding its obligations under the current Order (Doc. 26). Those facts do not support a conclusion that United committed a "willful violation" of the Court's Order. To the contrary, United raised the issue on its own, offered a compromise solution, and when it was rejected, sought clarification from the Court. United is interested in complying with the intent of the Court's Order, not creating unnecessary discovery disputes.

**Lack of Prejudice**

Also, to impose Rule 37 sanctions, Hofer must also demonstrate prejudice. No prejudice exists.

8

The Second Motion to Amend Scheduling Order extended the discovery deadline to March 20, 2017 (Doc. 40). Hofer argues prejudice by delay, but has not even completed his own (and much simpler) discovery obligations.[2,3] Neither party has conducted any expert discovery. The dispositive motions deadline (April 17, 2017) has not passed. No trial date has been set. Even if the Court clarifies its Order to require United to produce additional IME reports, Hofer cannot demonstrate prejudice.

Hofer argues prejudice because he has already deposed a number of United's witnesses (7). However, any additional IME reports that would be produced would speak for themselves. Rhetorically, why would an already deposed United employee, who had something to do with the investigation/adjustment/management of Hofer's claim, need to be deposed about an IME report ordered by a Progressive adjuster on another claim from another state? The already deposed United employee will have no knowledge of the facts and injuries of the claim made by that other party in another state, or why the out-of-state United/Progressive adjuster requested an IME. Hofer's attempt to create prejudice lacks merit.

---

[2] United has worked extensively with Hofer's counsel to complete the vast amount of discovery that has already taken place (including production of thousands of pages of discovery, Hofer conducting 7 depositions, and Hofer serving 6 sets of written discovery, of which interrogatories now exceed the Court's limitation of 50, plus subparts). United's cooperation has included two stipulations to extend the discovery deadlines. Meanwhile, Hofer has not yet produced all of his own medical records for treatment that presumably support his damages from his alleged personal injury claim. (See March 9 and 13 letters between counsel regarding missing medical records, attached to Affidavit of Defense Counsel Arndt, Ex. A).

[3] More recently, United even attempted to obtain Hofer's private health insurance records through Wellmark via an Authorization that Wellmark prepared and was willing to accept. Again, at least until recently (March 23, 2017), Hofer refused, causing further delays in United's ability to complete discovery. (See January 25, 27, and March 7 letters, and March 23 e-mails between counsel documenting United's attempt to obtain an authorization from Hofer to obtain Wellmark Explanation of Benefits documents, attached to Affidavit of Defense Counsel Arndt, Ex B.)

### Remedy *if* the Court Requires Further Production

Hofer seeks attorney fees. But, even if the Court clarifies its Order and requires further production of out-of-state IME reports, United's actions attempting to clarify this issue, its attempts at compromise, and Hofer's dilatory tactics regarding his own discovery obligations, equal substantial justification under Rule 37(b)(2). "…[U]nless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

*If* the Court determines that United must produce additional IME reports, the proper remedy under 37(b)(2) would be "…(iv) staying further proceedings until the order is obeyed." "Rule 37(b)(2) requires 'that the sanction be 'just' and relate to the claim at issue in the order to provide discovery.' *Hairston v. Alert Safety Light Products, Inc.,* 307 F.3d 717, 719 (8th Cir.2002)." *Perfetti Van Melle USA, Inc. v. Midwest Processing, LLC*, No. 4:15-CV-04093-RAL, 2015 WL 4068092, at *5 (D.S.D. July 2, 2015).

### CONCLUSION

Defendant respectfully requests an Order from the Court requesting that the Plaintiff's Motions for Sanctions be denied, and that United has already complied with the Court's prior Order (Doc. 26).

Dated this 28th day of March, 2017.

        MAY & JOHNSON, P.C.

        BY  /s/ *Mark J. Arndt*
           Mark J. Arndt
        PO Box 88738
        Sioux Falls SD 57109-8738
        (605) 336-2565
        Fax: (605) 336-2604
        marndt@mayjohnson.com
        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant's Brief in Opposition to Plaintiff's Motion for Sanctions** was served through the Court's ECF system upon Scott A. Abdallah of Johnson, Janklow, Abdallah, Reiter & Parsons, LLP, P.O. Box 2348, Sioux Falls, SD 57101-2348, scott@janklowabdallah.com, attorney for Plaintiff, this 28th day of March, 2017.

                                                 /s/ *Mark J. Arndt*
                                                Mark J. Arndt