UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN HOFER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED FINANCIAL CASUALTY COMPANY d/b/a PROGRESSIVE NORTHERN INSURANCE COMPANY,<br><br>　　　　Defendant. | CIV. #15-4181<br><br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PROGRESSIVE NORTHERN INSURANCE COMPANY** |

United Financial Casualty Company ("United") submits this Brief in support of its Motion to Dismiss Progressive Northern Insurance Company.

**FACTS**

This litigation arises out of a car-truck accident that took place on January 19, 2013, in North Dakota. Plaintiff Steven Hofer ("Hofer") was driving a semi-truck and trailer when he was struck by an uninsured motorist. The policy that covered the semi-truck and trailer Hofer was driving was issued by United.[1]

Hofer's suit against United improperly names Progressive Northern Insurance Company as a d/b/a. Hofer served discovery asking United to "[d]escribe in detail the legal relationship, if any, between Progressive Northern Insurance Company and United Financial Casualty Company." (Aff. of Defense Counsel in Support of Defendant's Motion to Dismiss Progressive Northern Insurance Company, at ¶ 2, Ex. A at 2.) United responded as follows:

United Financial Casualty Company is a wholly owned subsidiary of Progressive Commercial Holdings, Inc., a private company. Progressive Commercial Holdings, Inc. is a wholly owned subsidiary of The Progressive Insurance

---

[1] More detailed facts may be found in Docs. 16, 17, 17-1, 17-2 and 17-3.

> Corporation, a public company.
>
> Progressive Northern Insurance Company is a wholly owned subsidiary of Drive Insurance Holdings, Inc., a private company. Drive Insurance Holdings, Inc. is a wholly owned subsidiary of The Progressive Insurance Corporation, a public company.[2]

(*Id.*) Progressive Northern Insurance Company did not issue any policy to Hofer, and is not liable to Hofer for any claim. Hofer's attempt to lump separate corporate entities together is improper.

## ARGUMENT AND AUTHORITY

**1. United and Progressive Northern Insurance Company are Separate and Distinct Legal Entities.**

United and Progressive Northern Insurance Company are separate and distinct legal entities. As stated by United via written discovery responses, Progressive Northern Insurance Company is a wholly owned subsidiary of Drive Insurance Holdings, Inc., which, in turn, is a wholly owned subsidiary of The Progressive Corporation. United, on the other hand, is a wholly owned subsidiary of Progressive Commercial Holdings, Inc., which, in turn, is a wholly owned subsidiary of The Progressive Corporation. United does not "do business as" Progressive Northern Insurance Company. There is no evidence indicating Progressive Northern Insurance Company had any involvement in the handling of Hofer's claim.

**2. Progressive is a Trade Name, and may not be a Named Defendant.**

Progressive Northern Insurance Company should also not be converted to "Progressive" for purposes of the caption of this lawsuit. "Progressive" is a trade name, not a legal entity. (*Id.*) Trade names are not legal entities capable of suing or being sued.

> It is elemental that in order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal

---

[2] United's response inadvertently referred to The Progressive Corporation as "The Progressive Insurance Corporation." This clerical error was discovered recently and corrected in United's Responses to Plaintiffs Interrogatories and Requests for Production (6th Set).

2

>entity with legal capacity to sue . . . Although a corporation is a legal entity with legal capacity to sue, a fictitious or assumed business name, a trade name, is not a legal entity; rather, it is merely a description of the person or corporation doing business under that name . . . Because the trade name of a legal entity does not have a separate legal existence, a plaintiff bringing an action solely in a trade name cannot confer jurisdiction on the court.

*Prout v. Mukul Luxury Boutique Hotel & Spa*, 2017 WL 1240047, *11 (Conn Super. Ct. 2017). *Id.* (quoting *America's Wholesale Lender v. Pagano*, 87 Conn.App. 474, 477 866 A.2d 698 (Conn. App. Ct. 2005)).

The Court in *Honeyman v. Curiosity Works, Inc.*, 120 A.D.3d 1302 (N.Y. App. Div. 2014) reached a similar conclusion. Plaintiff "…was injured while working at the Jacob K. Javits Convention Center during an art exhibition conducted by National Underwriter Company, as successor-in-interest to Summit Business Media, LLC." *Honeyman*, 120 A.D.3d at 1303. Plaintiff subsequently filed suit against Summit Business Media. *Id.* Defendants argued that Summit Business Media was a trade name, and, therefore, should be dismissed from the lawsuit. *Id.* The Court agreed, holding "a trade name is not a jural entity amenable to suit." *Id.* (other citations omitted). *See also D'Aquin v. Starwood*, 2016 WL 6436561, * 3 (E.D. La. 2016) (dismissing a trade name defendant on the ground that "a trade name is not a separate entity capable of being sued."); *Ventura v. BEBO Foods, Inc.*, 595 F.Supp.2d 77, 80-1 (D. D.C. 2009) (same holding); *Com-Pac Int'l, Inc. v. Packmate Co.*, 2007 WL 2458231, *1-2 (S.D. Ill. 2007) (holding that "'you can't sue a trade name.'") (quoting *Steel v. Hahn*, 19 F.3d 22 (7th Cir. 1994)).

## **CONCLUSION**

United and Progressive Northern Insurance Company are separate and distinct legal entities. Progressive Northern Insurance Company did not issue any policy to Hofer, and otherwise had nothing to do with Hofer's claim.

Further, any attempt to add "Progressive" as a d/b/a should be denied. Progressive is a trade name, not a legal entity capable of suing or being sued.

United respectfully requests that that this Court issue an Order granting its Motion to Amend Caption to Dismiss Progressive Northern Insurance Company.

Dated this 17th day of April, 2017.

                                        MAY & JOHNSON, P.C.

                                        BY   /s/ *Mark J. Arndt*
                                            Mark J. Arndt
                                        P.O. Box 88738
                                        Sioux Falls, SD  57109-8738
                                        (605) 336-2565
                                        Fax: (605) 336-2604
                                        marndt@mayjohnson.com
                                        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant's Brief in Support of Motion to Dismiss Progressive Northern Insurance Company** was served through the Court's ECF system upon Scott A. Abdallah of Johnson, Janklow, Abdallah, Reiter & Parsons, LLP, P.O. Box 2348, Sioux Falls, SD  57101-2348, scott@janklowabdallah.com, attorney for Plaintiff, this 17th day of April, 2017.

                                          /s/ *Mark J. Arndt*
                                        Mark J. Arndt